**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,** <br><br> And <br><br> **RICHARD RASCHER, Plaintiff-Intervenor** <br><br> v. <br><br> **S&C ELECTRIC CO.,** <br><br> Defendants. | Civil Action No. 17-cv-06753 <br><br> **AMENDED COMPLAINT** <br><br> Judge Robert W. Gettlemen <br> Magistrate Judge Valdez <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1967 ("ADEA") to correct unlawful employment practices on the bases of disability and/or age and to provide appropriate relief to Richard Rascher. As alleged with greater particularity in paragraphs 13 and 14 below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that Defendant, S & C Electric Co. ("Defendant," "S&C," or "the Employer"), violated the ADA and/or the ADEA by discharging Rascher on the bases of disability and age.

## JURISDICTION AND VENUE

1

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to

(a) Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

(b) Section 7(b) of the ADEA, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Northern Illinois.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and the ADEA and is expressly authorized to bring this action by

(a) Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1); and

(b) Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.	At all relevant times, Defendant, S&C Electric Co. has continuously been doing business in the State of Illinois and the City of Chicago, and has continuously had at least 20 employees.

5.	At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), and under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6.	At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.	More than thirty days prior to the institution of this lawsuit, Richard Rascher filed a charge with the Commission alleging violations of the ADA and the ADEA by Defendant Employer.

8.	On August 7, 2017, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA and the ADEA were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.	The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.	On August 28, 2017, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

3

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Rascher worked for Defendant Employer for approximately 52 years. His last position with Defendant Employer was as a senior principle designer.

13. Since at least September 2015, Defendant Employer has engaged in unlawful employment practices at its Chicago Illinois facility, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a):

(a) Rascher is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Rascher has impairments, melanoma, rectal cancer and/or a fractured hip, that substantially limit his major life activities including normal cell growth, and his ability to walk and care for himself; or, pleading in the alternative, Rascher has a record of impairments, melanoma, rectal cancer, and/or a fractured hip, that substantially limited major life activities including his normal cell growth, and his ability to walk and care for himself; or, pleading in the alternative Defendant Employer regarded Rascher as having a disability by subjecting him to an adverse action, termination, because of actual or perceived impairments, melanoma, rectal cancer, and/or a fractured hip.

(b) Defendant Employer approved disability leave for Rascher until August 29, 2015.

(c) In early and mid-August 2015, Rascher contacted Defendant Employer to return to work. Upon Employer's request, he provided Employer with his medical providers' authorizations to return to work.

4

(d) In or around September 2015, rather than allow Rascher to return to work as he requested, and as his doctors confirmed he was able to do, Defendant Employer discharged Rascher on the basis of disability.

e) When Defendant Employer discharged Rascher, he was able to return to work and could perform the essential functions of his position.

14. Since at least September 2015, Defendant Employer has engaged in unlawful employment practices at its Chicago Illinois facility, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), when it fired Rascher, who was in the protected age group (age 74) defined in the ADEA, Section 12, 29 U.S.C. § 631, from his position because it considered him too old for his job.

15. The effect of the practices complained of in paragraph 13 above has been to deprive Rascher of equal employment opportunities and otherwise adversely affect his status as an employee on the basis of disability.

16. The effect of the practices complained of in paragraph 14 above has been to deprive Rascher of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

17. The unlawful employment practices complained of in paragraphs 13 and 14 above were intentional.

18. The unlawful employment practices complained of in paragraph 14 above was willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

19. The unlawful employment practices complained of in paragraph 13 above was done with malice or with reckless indifference to the federally protected rights of Rascher.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in employment practices which discriminate against individuals 40 years of age and older by terminating their employment because of age.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from limiting, segregating, or classifying any employee in any way which would deprive, or tend to deprive, that employee of employment opportunities or otherwise adversely affect his status as an employee on the basis of disability; from engaging in any employment practice which discriminates on the basis of disability; and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

E. Order Defendant Employer to make Rascher whole by providing appropriate back wages, including lost benefits, in an amount to be determined at trial, an equal sum as liquidated damages, and pre-judgment interest, and other affirmative relief necessary to eradicate the effects

6

of its unlawful employment practices, including but not limited to, reinstatement or front pay in lieu of reinstatement.

F. Order Defendant Employer to make Rascher whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above, including, but not limited to, out-of-pocket medical expenses, in amounts to be determined at trial.

G. Order Defendant Employer to make Rascher whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 13 above, including such as emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendant Employer to pay Rascher punitive damages for its malicious and reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

> James Lee
> Deputy General Counsel
>
> Gwendolyn Young-Reams
> Associate General Counsel
>
> Equal Employment Opportunity Commission
> 131 M St. NE
> Washington, DC 20507
>
> s/ Gregory M. Gochanour

7

Greg Gochanour
Regional Attorney

s/ Diane I. Smason
Diane Smason
Supervisory Trial Attorney

s/ Miles Shultz
Miles Shultz
Trial Attorney

s/ Ethan Cohen
Ethan Cohen
Trial Attorney

Equal Employment
 Opportunity Commission
Chicago District Office
500 W. Madison St.
Suite 2000
Chicago, IL 60661
312-869-8053