IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY, COMMISSION, | ) ) ) | |
| Plaintiff | ) ) | Case No. 17 C 6753 |
| and | ) ) | |
| RICHARD RASCHER, | ) ) | |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | Judge Robert W. Gettleman |
| S&C ELECTRIC CO., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Equal Employment Opportunity Commission ("EEOC") and Richard Rascher[1] have sued Rascher's previous employer, defendant S&C Electric Co., alleging that defendant terminated Rascher's employment in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Defendant has moved to dismiss plaintiffs' ADA claim for failure to state a claim. That motion is denied.

---

[1] After the EEOC filed the initial complaint, Rascher intervened as a party plaintiff.

## BACKGROUND[2]

Plaintiff worked for defendant for over 52 years. His last position was as a "Principle Designer." In May 2014 he was diagnosed with rectal cancer and thereafter with melanoma, for which he underwent surgical procedures and was treated with radiation and chemotherapy. In February 2015 he fractured a hip, which required him to undergo surgery and then physical therapy. Pursuant to company policy he was on an approved long term disability leave (12 months) which was scheduled to end on August 29, 2015. On August 15, 2015, Rascher contacted defendant to return to work. He provided defendant with his medical provider's full authorization to return to work with no restrictions. Rather than allow Rascher to return to work, defendant suggested that he retire. When Rascher refused to retire and insisted on returning to work, defendant discharged him. Plaintiffs allege that at the time Rascher was discharged he was able to return to work, and could perform the essential functions of his job without accommodations.

## DISCUSSION

The ADA prohibits an employer from discriminating against qualified individuals with a disability on the basis of that disability. 42 U.S.C. § 12112(a). A qualified individual with a disability is someone who can: (1) satisfy the requisite skill, experience, education and other job-related requirements of the employment position in question; and (2) perform the essential functions of the position, with or without an accommodation. Basith v. Cook County, 241 F.3d 919, 927.

---

[2] The background section is taken from the well-pleaded factual allegations of plaintiff's complaint which are presumed true for purposes of the instant motion. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Relying on <u>Severson v. Heartland Woodcraft, Inc.</u>, 872 F.3d 476, 481 (7th Cir. 2017), defendant argues that the Seventh Circuit has definitively held that an individual who was on long-term medical leave is not a qualified individual because "inability to work for a multi-month period removes a person from the class protected by the ADA." Thus, according to defendant, the fact that Rascher had been on medical leave of almost twelve months prior to his attempt to return to work removes him from the protections of the ADA. Nonsense.

Neither <u>Severson,</u> nor <u>Byrne v. Avon Prods., Inc.</u>, 328 F.3d 379, 381 (7th Cir. 2003), the case <u>Severson</u> cites, support defendant's position. <u>Byrne</u> stands for the rather unremarkable position that an employee who needs long-term medical leave cannot work (even with an accommodation) and thus is not a "qualified individual" under the ADA. <u>Byrne</u> 328 F.3d at 381. <u>Severson</u> merely held that requesting a multi-month leave of absence following the expiration of an employee's FMLA leave, was not a reasonable accommodation because it would not allow the employee to perform the essential functions of the position. <u>Severson</u>, 872 F.3d at 481.

In the instant case, Rascher had received long-term medical leave, but sought to return to work. Unlike the plaintiffs in <u>Severson</u> and <u>Byrne</u> he was ready, willing and able to return to his position without any accommodation. As even defendant notes, "[w]hether an individual is a qualified individual with a disability is determined at the time of the employment decision. <u>Hamm v. Exxon Mobil Corp.</u>, 223 F. App'x 506, 508 (7th Cir. 2007). At the time defendant made the decision to terminate him, Rascher had received medical clearance to return to work. He was not terminated because he could not work. He was terminated because he could. Perhaps defendant could have terminated Rascher (without violating the ADA) while he was on leave, but it did not do so, instead assuring him he had until August 29, 2015, to return. He returned before

3

then, but was terminated. He was not terminated as defendant appears to suggest for requesting more leave, he was terminated for requesting to return to work. Defendant's motion to dismiss is denied.

## **CONCLUSION**

For the reasons stated above, defendant's motion to dismiss [Doc. 28] is denied. Defendant is ordered to answer the complaint by May 4, 2018. The parties are directed to prepare and file a joint status report on this court's form by May 10, 2018. This matter is set for a report on status on May 16, 2018 at 9:10 a.m.

**ENTER:** April 10, 2018

_____
**Robert W. Gettleman
United States District Judge**