# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff, and<br><br>ESTATE OF RICHARD RASCHER,<br><br>Plaintiff-Intervenor<br><br>v.<br><br>S&C ELECTRIC CO.,<br><br>Defendant. | No. 17-cv-06753<br>Judge Franklin U. Valderrama |

**COURT SET 1—REVISED JURY INSTRUCTIONS**

**Instruction No. 1**

Members of the jury, you have seen and heard all of the evidence and the arguments of counsel. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. Do not single out any certain sentence or any individual point or instruction and ignore the others. You must consider all the instructions as a whole, and you are to regard each instruction in light of all the others.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**[[Instruction No. 2]]**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions, I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Instruction No. 3**

You must perform your duty as jurors without bias, sympathy, or prejudice for or against either side and without regard to public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated in these instructions, and reach a just verdict, regardless of the consequences.

This case should be considered and decided by you as an action between parties of equal standing in the community and of equal worth. The law does not favor one party over another. All parties, whether individuals, private companies, or governmental entities, stand equal before the law and are to be dealt with as equals in a court of justice.

All parties are equal before the law.

In this case one of the plaintiffs is an agency of the federal government, the other plaintiff is an estate, and the defendant is a company. All parties are equal before the law. A federal agency, an estate, and a company are entitled to the same fair considerationthat you would give any individual person.

**Instruction No. 4**

As you know, Plaintiff Equal Employment Opportunity Commission and Plaintiff-Intervenor Estate of Richard Rascher allege that the Defendant, S&C Electric Company, violated the Americans with Disabilities Act, commonly referred to as the ADA, by terminating Rascher's employment because of his disability. S&C Electric Company denies the Plaintiffs' allegations.

In a few minutes, I will give you instructions with the detailed legal rules to apply to the claims in this case. Right now, however, I want to tell you about some general rules that apply to your deliberations about the evidence.

**Instruction No. 5**

The evidence consists of the testimony of the witnesses and the exhibits and stipulations admitted in evidence.

A stipulation is an agreement between both sides that certain facts are true.

**Instruction No. 6**

During the trial, certain testimony was presented to you by deposition. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. The depositions of [[*Witness names*]], which were taken on [[*dates*]], have been presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present in court to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Instruction No. 7**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Instruction No. 8**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Instruction No. 9**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Instruction No. 10**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Instruction No. 11**

There are two types of evidence: direct and circumstantial. Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, “I was outside a minute ago and I saw it raining.” Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Instruction No. 12**

The parties have stipulated, or agreed, that:

1. At all relevant times Defendant S&C Electric Company is and has been engaged in the design and manufacture of switching and protection products for electric power transmission and distribution.

2. S&C's principal place of business and primary manufacturing facility is located at 6601 North Ridge Boulevard, Chicago, Illinois 60626.

3. Rascher started working at S&C in 1962. Over the years he held positions of Draftsman, Designer, Assistant Supervisor, Supervisor, and Senior Design Coordinator. In the mid-1990s, Rascher ascended to the position of Senior Product Designer in S&C's Department 712, which is devoted to custom-made switches and fuses. In 2012, Rascher's title changed to Principal Designer.

4. Chris Roman was Rascher's direct supervisor.

5. Rascher had surgery for cancer in September 2014.

6. In February 2015, Rascher underwent hip surgery.

7. Rascher was on an approved short-term disability leave for the six-month period from September 2, 2014 through March 3, 2015. Thereafter Rascher was on an approved long-term disability leave starting March 3, 2015.

8. On August 31, 2015, Rascher met with Dr. Rajeev Khanna.

You must now treat these facts as having been proved for the purpose of this case.

**Instruction No. 13**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

## **Instruction No. 14**

It is proper for a lawyer to meet with any witness in preparation for trial.

**Instruction No. 15**

You may find the testimony of one witness or a few witnesses more persuasive thanthe testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Instruction No. 16**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**[[Instruction No. 17]]**

Certain [[*describe demonstrative exhibit, e.g., models, diagrams, devices, sketches*]] have been shown to you. Those [[*short description*]] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**Instruction No. 18**

You may consider statements given by (1) a party before trial or (2) a witness under oath before this trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony. For purposes of this instruction, the parties are Richard Rascher, the Estate of Richard Rascher, and S&C Electric Company.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his or her testimony here in court, you may consider the earlier statement only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement[s], you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Instruction No. 19**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Instruction No. 20**

Plaintiffs have brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Under the ADA, it is illegal for an employer to discriminate against a person with a disability if that person is qualified to do the essential functions of his job.

In this case, Plaintiffs claim that Defendant discriminated against Richard Rascher by terminating his employment because he had a disability. Defendant denies that it discriminated against Plaintiff and says that it terminated Rascher's employment because it reasonably concluded that Rascher could not safely return to work, and S&C's leave of absence policy dictated that Rascher must be terminated.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

**Instruction No. 21**

Rascher had a disability. So to succeed in this case, Plaintiffs must prove four things by a preponderance of the evidence in this case:

**1.** Mr. Rascher had a "disability." I will define "disability" for you in a few minutes.

**2.** Rascher was a "qualified individual." I will define "qualified individual" for you in a few minutes.

**3.** Defendant terminated Rascher's employment; and

**4.** Defendant would not have terminated Rascher's employment if he had not had a disability, but everything else had been the same.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, you should turn to the issue of Plaintiff's damages. If you find that Plaintiffs have failed to prove any of these things by a preponderance of the evidence, your verdict should be for Defendant.

**Instruction No. 22**

Under the ADA, the term "disability" means a physical impairment that "substantially limits" a person's ability to work. I will now define some of these terms in more detail. Again, I remind you to consider the specific definitions I give you, and not to use your own opinion as to what these terms mean.

(a) Substantially Limiting: Work as Major Life Activity

Let me tell you what I mean by "substantially limiting." An impairment substantially limits a person's ability to work if it significantly restricts him from performing a class of jobs, or a broad range of jobs in various classes, compared to someone with similar knowledge, skills, and training. Being unable to do a particular job, however, is not by itself a substantial limitation on the ability to work.

**[[<u>Instruction No. 23</u>]]**

Under the ADA, Plaintiff was "qualified" if he had the skill, experience, education, and other requirements for the job and could do the job's essential functions. You should only consider Mr. Rascher's abilities at the time when he was terminated from employment. Not all job functions are "essential." Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees Defendant has to do that kind of work, the degree of specialization the job requires, Defendant's judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held position.

[[In addition to specific job requirements, an employer may have general requirements for all employees that are essential functions. For example, the employer may require a regular level of attendance and also may require adherence to general safety guidelines and practices.]]

**[[Instruction No. 24]]**

In this case, Defendant says that it did not retain Rascher in part because retaining him would have created a significant risk of substantial harm to Rascher and/or others in the workplace. Defendant must have based this decision on a reasonable medical judgment that relied on the most current medical knowledge and the best available objective evidence about whether Rascher could safely perform the essential functions of the job at the time. If Defendant proves this to you by a preponderance of the evidence, you must find for Defendant. In deciding if this is true, you should consider the following factors: (1) how long the risk will last; (2) the nature and severity of the potential harm; (3) how likely it is that the harm will occur; and (4) whether the potential harm is likely to occur in the near future.

[[Defendant must prove that there was no reasonable accommodation that it could make which would eliminate the risk or reduce it so that it was no longer a significant riskof substantial harm.]]

**Instruction No. 25**

If you find that Plaintiffs have proved their claim against Defendant, then you must determine what amount of damages, if any, Plaintiffs are entitled to recover.

Plaintiffs must prove their damages by a preponderance of the evidence.

If you find that Plaintiffs have failed to prove their claim, then you will not consider the question of damages.

**Instruction No. 26**

You may award compensatory damages only for injuries that Plaintiffs have proved by a preponderance of the evidence were caused by Defendant's wrongful conduct. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure. In calculating damages, you should *not* consider the issue of lost wages and benefits. The Court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

Any mental and emotional pain and suffering that Rascher experienced.

No evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Rascher for any injury he has sustained.

**Instruction No. 27**

If you find for the Plaintiffs, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that its conduct was in reckless disregard of Mr. Rascher's rights. An action is in reckless disregard of Plaintiffs' rights if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- Defendant's financial condition;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Plaintiffs must prove by a preponderance of the evidence that Defendant acted in reckless disregard of Plaintiff's right not to be discriminated against. You should not, however, award Plaintiff punitive damages if Defendant proves that it made a good faith effort to implement an antidiscrimination policy.

**Instruction No. 28**

Upon retiring to the jury room, you must select one of you to serve as the foreperson of the jury. The foreperson will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you, which I will read to you now.

When you have reached unanimous agreement on the verdict, your foreperson will complete, date, and sign the appropriate forms.

**Instruction No. 29**

Your verdict must represent the considered judgment of each juror and must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Instruction No. 30**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the jury foreperson, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the Court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

**Instruction No. 31**

In deciding Plaintiffs' claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiffs have proved that Defendant terminated Rascher's employment because of disability.

## SPECIAL VERDICT FORM

1) Did the Plaintiffs prove that Rascher had a disability?

Answer Yes or No:
*(If you answered "Yes," answer Question 2; otherwise, sign, and return this verdict form)*

2) Did the Plaintiffs prove that Rascher was qualified to perform his job?
Answer Yes or No:
*(If you answered "Yes," then answer Question 3; otherwise, sign and return this verdict form.)*

3) Did the Plaintiffs prove that Defendant terminated Rascher's employment?
Answer Yes or No:
*(If you answered "Yes," then answer Question 4; otherwise, sign and return this verdict form.)*

4) Did the Plaintiffs prove that Defendant would not have terminated Rascher's employment if Rascher had not had a disability, but everything else remained the same?
Answer Yes or No:
*(If you answered "Yes," then answer Question 5; otherwise sign and return this verdict Form.)*

5) Did the Plaintiffs prove that Rascher suffered emotional pain and mental anguish as a result of the termination of his employment?
Answer Yes or No:
*(If you answered "Yes," then answer Question 6; if you answered "No," to this question, then answer Question 6.)*

6) What amount will fairly compensate Rascher for his emotional pain and mental anguish as a result of the termination of his employment?
Answer: $______________
*(Answer Question 7.)*

7) Did the Plaintiffs prove that Defendant acted with reckless disregard of Rascher's rights under the ADA?
Answer Yes or No:
*(If you answered "Yes," then answer Question 8; otherwise, sign and return this verdict form.)*

8) Did Defendant itself act in good faith to attempt to comply with ADA by implementing policies and procedures to prohibit discrimination in violation of ADA?
Answer Yes or No:
*(If you answered "Yes," sign and return this verdict form; otherwise, answer Question 9.)*

9) What amount of punitive damages, if any, should be assessed against Defendant?
Answer: $_______________

Dated this _____ day of ______, 2021.

Presiding Juror:______________________________