IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>   Plaintiff,<br>and<br><br>ESTATE OF RICHARD RASCHER,<br>   Plaintiff-Intervenor,<br><br>v.<br><br>S&C ELECTRIC COMPANY,<br>   Defendant. | Civil Action No. 1:17-cv-06753<br><br>Judge Franklin U. Valderrama |

## CONSENT DECREE

## THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission (the "EEOC") and Plaintiff-Intervenor Richard Rascher ("Rascher") (collectively "Plaintiffs") filed this action alleging that Defendant, S&C Electric Company, ("Defendant" or "S&C"), violated Section 107(a) of Title I of the Americans with Disabilities Act (the "ADA"). Plaintiffs alleged that S&C violated the ADA by terminating Rascher after a medical leave of absence rather than returning him to work. S&C filed an answer denying the allegations. On May 5, 2021, Plaintiff-Intervenor Richard Rascher died. The Court granted the motion of the Estate of Richard Rascher to substitute Plaintiff-Intervenor. Dkt. 138.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). Neither Plaintiffs nor Defendant admit the claims or defenses raised by the other. This Decree fully and finally resolves any and all

issues and claims arising out of the underlying Charge of Discrimination filed by Rascher and the Complaints and Amended Complaints filed by Plaintiffs in this action.

### FINDINGS

3. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, records, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties.

    b. The terms of this Decree are adequate, fair, and reasonable. The rights of the parties and the public interest are adequately protected by this Decree.

    c. This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person.

    d. Entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

### INJUNCTION AGAINST DISABILITY DISCRIMINATION AND RETALIATION

4. Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from discrimination on the basis of disability under the ADA by terminating from employment a qualified individual with a disability rather than agreeing to said individual's request to return to work, with or without reasonable accommodation, after a medical leave of absence.

5. Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with it shall not engage in any form of retaliation as defined by the ADA against any person because such person has (a) acted in compliance with the directives of this Decree, participated or testified as a witness in this action, and/or the underlying Charge of Discrimination

filed by Rascher, and/or any investigation by EEOC of Defendant's compliance with this Decree; (b) opposed any violation of this Decree; or (c) asserted any rights under this Decree.

## MONETARY SETTLEMENT

6. Within fourteen (14) days of the latter of (a) approval and entry of this Decree by the District Court, and (b) receipt by S&C of a copy of a release agreement executed by the Estate of Rascher, S&C shall pay the Estate of Rascher the gross sum of $315,000.00. This amount shall be issued in three payments as follows: $94,500.00 shall constitute back pay and S&C shall issue an IRS Form 1099-MISC (Box 3 "other income") to the Estate of Rascher for this payment; $94,500.00 shall constitute compensatory damages and S&C shall issue IRS Form 1099-MISC (Box 3 "other income") to the Estate of Rascher in connection with this payment; $126,000.00 shall constitute attorneys' fees to the Estate of Rascher's legal counsel, Joette S. Doran & Associates, P.C. and S&C shall issue IRS Form 1099-MISC (Box 10 "gross proceeds paid to an attorney") to Joette S. Doran & Associates, P.C. and the Estate of Rascher in connection with this payment. The release agreement was negotiated between the Estate of Rascher, its counsel, and S&C. EEOC did not take part in those negotiations and has not approved the release agreement. Within fourteen (14) days of the entry of this Decree and receipt by S&C of a copy of the release agreement, S&C shall issue payment via ACH transfer for the payments as described above to the bank accounts designated by the Estate of Rascher and Joette S. Doran & Associates, P.C. S&C agrees to submit prompt verification of the payments to the EEOC.

## NOTICE OF CONSENT DECREE

7. Within fourteen (14) days after entry of this Decree, S&C shall post a same-sized copy of the Notice attached as Exhibit A to this Decree in its Chicago, Illinois Human Resources center in a place used for communicating with all employees working in Chicago. Such copy shall

remain posted for eighteen (18) months from the date of entry of this Decree. S&C shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. S&C shall certify to the EEOC in writing within fourteen (14) days after entry of the Decree that the Notice has been properly posted. S&C shall permit representatives of the EEOC to enter S&C premises for purposes of verifying compliance with this paragraph at any time during normal business hours without prior notice.

## POSTING AND DISTRIBUTION OF POLICY AGAINST EMPLOYMENT DISCRIMINATION BASED ON DISABILITY

8. Within seven (7) days after entry of the Decree, S&C shall maintain or adopt, in writing, and maintain for the duration of this Decree, a written policy ("Policy") against employment discrimination based on disability and which provides for reasonable accommodation for individuals with disabilities under the ADA. S&C shall forward a copy of the Policy to the EEOC within fourteen (14) days after entry of the Decree. Inclusion of this Paragraph in the Decree does not represent the EEOC's or Court's approval of the Policy. Commencing no later than fourteen (14) days after entry of the Decree, S&C shall make available a copy of said Policy to each employee via e-mail and S&C's intranet, and to each new hire at the time that they are hired via S&C's intranet and/or other method(s) of communication. The policy shall remain available for all employees throughout the term of this Decree. The Policy shall, at a minimum, include provisions that:

  a. prohibit all forms of discrimination prohibited by the ADA;

  b. inform employees and applicants that they are entitled to make complaints or reports of unlawful employment discrimination based on disability to S&C;

4

    c.    inform employees and applicants that they are entitled to request reasonable accommodations and request S&C to provide reasonable accommodations to employees and applicants as required by the ADA;

    d.    inform employees seeking to return from a medical leave of absence that they are entitled to request reasonable accommodations;

    e.    require that S&C conduct an individualized assessment when evaluating whether to return an employee to work with or without reasonable accommodation under the ADA and that such assessments shall not include blanket exclusions based on employees' or applicants' disabilities and/or positions at S&C;

    f.    require S&C to consider, when timely made available by the employee, the opinions or recommendations of the employee's medical care providers regarding whether the employee is able to return to work to perform the essential functions of any available position for which the employee is qualified, with or without reasonable accommodation as required by the ADA.

### **RECORDKEEPING**

9.    For the duration of this Decree, S&C shall maintain and provide to EEOC records of each employee at S&C's Chicago facility who is terminated after attempting to return to work following a medical leave of absence and makes a complaint (whether orally or in writing) to S&C or to a government agency regarding their termination. Such records will include: (1) the identity of the employee who complained (including name, last known address(es) and telephone

number(s))[1]; (2) a description of the employee's job, including the department and title; (3) the date of the complaint; (4) a summary of the allegation(s) made in the complaint; (5) S&C's response to the complaint, including any actions taken, if any; and (6) the resolution, if any, of the complaint (including the name(s) and position(s) of all decision-maker(s) involved in the resolution).

      10.      Nothing contained in the Decree shall be construed to limit any obligation S&C may otherwise have to maintain records under the ADA or any other law or regulation.

## REPORTING

      11.      S&C shall furnish to the EEOC written two reports during the term of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due fifteen (15) months after entry of the Decree. Each such report shall contain:

      a.      A summary of the information recorded by S&C pursuant to Paragraph 9 during the preceding reporting period;

      b.      A description of the activities taken pursuant to Paragraph 12 during the preceding reporting period; and

      c.      A certification by S&C that it has complied with the Notice requirements contained in Paragraph 7.

## TRAINING

      12.      Twice during the eighteen (18) month period covered by this Decree, S&C's managers and all employees responsible for human resources and medical evaluations shall be trained regarding: (i) the ADA's nondiscrimination provisions; (ii) S&C's policies and procedures relating to the ADA, (iii) S&C's duty to provide reasonable accommodation to employees with a disability under the ADA, (iv) S&C's policies and procedures for providing reasonable

---

[1] Upon request, S&C will supply EEOC with social security numbers for individuals who the EEOC has unsuccessfully attempted to contact.

6

accommodations to qualified employees with a disability; and (v) the types of accommodations that may be available to qualified employees with a disability. Training may take place online. The first training shall take place within seventy-five (75) days of entry of this Decree. A subsequent training session shall take within thirty (30) days following the anniversary of the date of entry of the Decree.

13. S&C shall obtain EEOC's approval of its proposed outside/independent trainer(s) prior to each training. Defendant shall submit the name(s), address(es), telephone number(s), and credentials of such independent trainer(s), training proposal(s), and any materials to he distributed or displayed to the participants to EEOC at least twenty-eight (28) days prior to the proposed date(s) of each training. EEOC shall have fourteen (14) days from the date of receipt of the information described above to accept or reject the proposed trainer(s). In the event EEOC does not approve Defendant's proposed trainer(s). Defendant shall have seven (7) days to identify an alternate trainer(s) or make other changes. EEOC shall have seven (7) days from the date of receipt of the information described above to accept or reject the proposed changes. If the parties cannot, through this process, agree on a trainer(s) they may seek the Court's assistance under Paragraph 15.

14. S&C shall certify to the EEOC in writing within seven (7) days after each training has occurred that the required training has taken place. Such certification shall include:

  a. the dates, locations, and durations of the trainings;

  b. a copy of the registry of attendance, which shall include the name and position of each person in attendance;

      c.      a list of all current S&C managers and all employees responsible for human resources and medical evaluations, which shall include each individual's name and position; and

      d.      copies of all materials distributed or displayed to participants if different from those materials previously provided to EEOC by Defendant pursuant to Paragraph 13.

## DISPUTE RESOLUTION

15. If during the term of this Decree either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party fourteen (14) days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fourteen (14) days, the complaining party may apply to the Court for appropriate relief. If Defendant fails to pay the monetary amount specified above within the time provided in Paragraph 6, however, the EEOC and Rascher may apply directly to the Court for appropriate relief.

16. In resolving any dispute with regard to Defendant's compliance with any provision of the Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for noncompliance.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

17. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of eighteen (18) months immediately following entry of the Decree, provided, however, that if, at the end of the eighteen (18) months

8

period, any disputes under Paragraph 15, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter for the sole purpose of enforcement of the Decree) until such time as all such disputes under Paragraph 15, above, have been resolved.

## MISCELLANEOUS PROVISIONS

18. S&C agrees that it will not condition the receipt of monetary relief on agreement of Plaintiffs to: (a) maintain as confidential the facts and/or allegations underlying the charge and/or the terms of this Decree; (b) waive any statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with S&C or with any staffing agency used by S&C; and/or (d) agree to a non-disparagement and/or confidentiality agreement.

19. Each party to this Decree shall bear its own expenses, costs, and attorneys' fees.

20. The terms of this Decree shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of the Defendant. Defendant will provide a copy of this Decree to any organization which proposes to acquire or merge with Defendant prior to the effectiveness of any such acquisition or merger. In the event that Defendant is acquired by, or merges with, another organization, Defendant shall notify EEOC of this fact, in writing, within fourteen (14) days of such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any findings by the Court or contempt for a violation of this Decree.

21. When this Decree requires notifications, reports, or communications to the EEOC, they shall be made in writing and hand-delivered or mailed to the following:

    EEOC
    Legal Unit – S&C Electric Company Settlement
    230 South Dearborn Street, Suite 2920
    Chicago, IL 60604

The parties can agree to email such communications as well, in which case EEOC will provide an appropriate email address.

22. If any provision(s) of the Decree is found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

**SO ORDERED, ADJUDGED, AND DECREED** on this 21st day of April 2022. By the Court.

_____
United States District Judge
Franklin U. Valderrama

Agreed to in form and content.

**For Plaintiff the UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney

s/ Ethan M. M. Cohen
Ethan M. M. Cohen
Supervisory Trial Attorney

s/ Miles Shultz
Miles Shultz
Trial Attorney

s/Jonathan Delozano
Jonathan Delozano
Trial Attorney

U.S. Equal Employment
Opportunity Commission
Chicago District Office
230 S. Dearborn St., Suite 2920
Chicago, IL 60604

**For Plaintiff-Intervenor THE ESTATE OF RICHARD RASCHER**

s/Joette S. Doran
Joette S. Doran, Esq.
Joette S. Doran & Associates, P.C.
2300 N. Barrington Rd., Suite 400
Hoffman Estates, IL 60169

**For Defendant S&C Electric Company**

s/Steven L. Brenneman
Steven L. Brenneman


s/L. Brandon Liss
L. Brandon Liss

Fox Swibel Levin & Carroll LLP
200 W. Madison St. Ste 3000
Chicago, IL 60606

11

# EXHIBIT A

**NOTICE TO ALL S&C ELECTRIC COMPANY EMPLOYEES**

This Notice is posted pursuant to a Consent Decree entered by the federal court in *EEOC v. S&C Electric Co.*, Case No. 17-cv-6753 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission (the "EEOC") against S&C Electric Company ("S&C").

In its lawsuit, the EEOC alleged that S&C violated the Americans with Disabilities Act (the "ADA") by terminating an employee following a medical leave of absence, rather than returning the employee to work. S&C filed an answer denying the allegations. Neither party admits the claims and defenses raised by the other party.

To resolve the case, S&C and the EEOC entered a Consent Decree which provides, among other things, that:

1) S&C will pay the employee monetary compensation;

2) S&C will not discriminate based on disability;

3) S&C will make periodic reports to the EEOC regarding its compliance with the Decree; and

4) S&C will provide training to certain of its employees on the ADA.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, national origin, color, religion, sex, age, or disability. The EEOC charges no fees and has employees who speak languages other than English. If you believe you have been discriminated against, you may contact the EEOC at 800-669-4000 or visit EEOC online at https://publicportal.eeoc.gov/Portal/Login.aspx.

Any questions about this Notice or compliance with its terms may be directed to:

EEOC
S&C Electric Company Settlement
230 South Dearborn Street, Suite 2920
Chicago, IL 60604

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for Eighteen (18) months from the date below and must not be altered, defaced, or covered by any other material.**

| | |
|---|---|
|   April 21, 2022   | *Franklin Valderrama* (signature) |
| Date | The Honorable Franklin Valderrama, U.S. District Judge |